IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARRETT P.,[1] <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 2:24-cv-00320-AN <br><br> OPINION AND ORDER |

    Garrett P. ("Plaintiff") brings this action seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction over Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons explained below, the Court reverses the Commissioner's decision and remands for immediate payment of benefits.

## BACKGROUND

**I. Plaintiff's Application**

    Plaintiff was born on February 3, 1996, making him 20 years old on his alleged onset date of February 3, 2016. Tr. 79. Plaintiff has a limited education and is unable to perform his past relevant work as a livestock-yard attendant. Tr. 31.  In his application, Plaintiff alleges disability due to "spinafida [sic], scoliosis, right club foot, self cath, insomnia." Tr. 80.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

The Commissioner denied Plaintiff's application initially and upon reconsideration. Tr. 86, 113. On January 31, 2023, Plaintiff appeared with counsel for a hearing before Administrative Law Judge ("ALJ") Jesse Shumway. Tr. 39-67. On February 14, 2023, the ALJ issued a written opinion, finding Plaintiff not disabled. Tr. 20-33. The Appeals Council denied review. Tr. 1-6. Plaintiff now seeks judicial review of the ALJ's final decision.

## II.     Sequential Disability Evaluation

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step sequential procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the burden for steps one through four, and then the burden shifts to the Commissioner at step five. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

The five-step evaluation requires the ALJ to determine: (1) whether a claimant is "doing substantial gainful [work] activity"; (2) whether the claimant has a "medically determinable physical or mental impairment" or combination of impairments that is severe and either lasts at least a year or can be expected to result in death; (3) whether the severity of the claimant's impairments meets or equals one of the various impairments specifically listed by Commissioner; (4) whether the claimant's residual functional capacity ("RFC") allows the claimant to perform her past relevant work; and (5) whether, given the claimant's RFC, age, education, and work experience, the claimant can make an adjustment to other work that "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1520(a), 416.920(a).

**III.    The ALJ's Decision**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 23, 2019, the alleged onset date. Tr. 22. At step two, the ALJ determined that Plaintiff suffered from the following severe, medically determinable impairments: spina bifida with neurogenic bladder, scoliosis, right club foot, borderline intellectual functioning, mood disorder, and cannabis use disorder. Tr. 23. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. *Id.* The ALJ then concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 419.967(b), with the following limitations:

> [H]e can sit and stand for six hours each in an eight-hour workday, but can only walk two hours total in an eight-hour workday; he is limited to occasional for all postural activities; he can occasionally operate foot controls with the right lower extremity; he cannot have concentrated exposure to hazards such as unprotected heights and moving mechanical parts; he needs access to a bathroom during regularly scheduled breaks; he is limited to simple, routine tasks; and he can have only occasional contact with the public, supervisors, and coworkers.

Tr. 26. At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a livestock-yard attendant. Tr. 31. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Mail Clerk (DOT# 209.687-026), a light level occupation with an SVP of $2^2$ and 10,000 jobs available; Production Assembler (DOT# 706.687-010), a light level occupation with an SVP of 2 and 8,000 jobs available; and Agricultural Produce Sorter (DOT# 529.687-186), a light level occupation with an SVP of 2 and 10,000 jobs available. Tr. 32, 60. Therefore, the ALJ concluded that Plaintiff is not disabled. Tr. 33.

---

[2] While this occupation is listed as having an SVP of 3, the vocational expert testified that, as performed, Mail Clerk has an SVP of 2. Tr. 32, 60.

## STANDARD OF REVIEW

The district court may set aside the Commissioner's denial of benefits only if the ALJ's findings are "'not supported by substantial evidence or is based in legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The district court "cannot affirm the [ALJ's] decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record. *Id.* Where the record as a whole can support either the grant or denial of benefits, the district court "'may not substitute [its] judgment for the ALJ's.'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) finding that his migraines were a non-severe impairment at step two; (2) failing to adequately consider whether Plaintiff met a listing at step three; (3) failing to provide specific, clear and convincing reasons for rejecting his subjective symptom testimony; (4) improperly rejecting the medical opinion evidence; and (5) failing to identify jobs in the national economy Plaintiff can still do despite his limitations. The Commissioner neither conceded nor specifically responded to any of Plaintiff's complaints. The Commissioner only argues that the Court should remand for further proceedings rather than immediate payment of benefits.

The Commissioner's failure to respond to Plaintiff's allegations is a concession of those errors. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) ("That argument, however, was available at the time it filed its answering brief. Accordingly, the government has waived that argument."); *see also Virginia J. v. Kijakazi*, 2023 WL 2387511, at 8* (D. Or. Mar. 7, 2023) ("The Commissioner does not expressly concede that FNP Marcucilli's statement described Plaintiff's impairments and treatment from the period at issue. The Commissioner, however, did not defend the Appeals Council's reason or respond to Plaintiff's arguments challenging this reason. Accordingly, the Commissioner has waived any argument that the Appeals Council provided for not considering FNP Marcucilli's statement."); *Donna B. v. Comm'r Soc. Sec. Admin.*, 2019 WL 3231740, at *9 (D. Or. July 18, 2019) (where an argument is available but not raised, that argument is waived).

**I.     Remedy**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand

for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Plaintiff argues that a remand for immediate payment of benefits is the proper course here because the ALJ failed to consider Plaintiff's migraines as a severe impairment, failed to consider whether Plaintiff qualified for Listing 11.02 and 11.08, improperly rejected Plaintiff's subjective symptom testimony, improperly discounted the medical opinions of Jeff Clausel, Ph.D., and Rita Allbright, M.D., and failed to provide jobs in the national economy that Plaintiff could still do despite his impairments. Here, the first requisite of the *Garrison* test is met. As discussed above, the Commissioner conceded all of Plaintiff's alleged errors by failing to respond.

The second prong requires that the record be fully developed and further proceedings would serve no useful purpose. Plaintiff argues that the record has been fully developed and that further proceedings would serve no useful purpose. The Commissioner argues that "serious doubt" exists due to a conflict between the limitations opined by Nurse Practitioner Keenan Griego, finding that Plaintiff could perform a limited range of light work with a six-hour standing limitation, and Dr. Rita Allbright, finding that Plaintiff can perform sedentary work with a two-hour standing limitation. Def's Br. 3, ECF 14 (citing Tr. 102-06, 618-19). While the Commissioner is correct, the ambiguity their argument raises is irrelevant, as will be explained below.

Lastly, the third prong requires that if the improperly discredited evidence explained above is credited as true, the ALJ would be required to find Plaintiff disabled on remand. The vocational expert explained that if Plaintiff was off task 15% or more, absent more than one day per month, needed excessive bathroom breaks several days per month, needed

unscheduled breaks lasting four to six hours multiple times per month, needed to recline with legs elevated outside of regularly scheduled breaks, or needed sustained supervision past the probationary period, that any one of these limitations would preclude Plaintiff from obtaining competitive employment. Tr. 60-65. Plaintiff's records, and improperly rejected evidence, establish that he needed extra time to perform his catheterization several times per day, that he needed extra time in the bathroom due to bowel issues, that he needed to alternate between sitting, standing, and reclining throughout the day, and that he experienced migraines at least one- to two-times per week that take several hours to resolve. Tr. 46-50, 328, 371, 407, 444, 634. Whether Plaintiff was limited to a limited range of light work with a six-hour standing limitation or sedentary work with a two-hour standing limitation, he would still be unable to maintain competitive employment based on other factors. Since the record as a whole does not create serious doubt as to whether Plaintiff is, in fact, disabled, this case must be remanded for immediate award of benefits.

## CONCLUSION

For the reasons set forth in this opinion, the Commissioner's decision is REVERSED and REMANDED for immediate award of benefits.

IT IS SO ORDERED.

DATED this 23rd day of December, 2024.

_____
Adrienne Nelson
United States District Judge